{¶ 1} Appellant, Juan Mendez, appeals the June 28, 2002 judgment of the Common Pleas Court of Putnam County, Ohio, sentencing him to a term of imprisonment.
 {¶ 2} The record reflects that Mendez was indicted on two counts of complicity in the trafficking of drugs, in violation of R.C.2923.03(A)(2) and 2925.03(A)(1-2), (C)(3)(f), a second degree felony, and one count of engaging in a pattern of corrupt activity, in violation of R.C. 2923.32(A)(1), a first degree felony, on November 30, 2001. The basis for this indictment was that Mendez was part of an extensive drug operation, which included allegations that he bought and sold large quantities of marijuana and allowed his property to be used to store and process drugs.
 {¶ 3} Initially, Mendez pled not guilty to each count. Pursuant to plea negotiations with the state of Ohio, however, the state amended the first two counts to felonies of the fourth degree and the trial court dismissed the count for engaging in a pattern of corrupt activity in exchange for Mendez's plea of guilty to both fourth degree felony complicity counts on May 1, 2002. The trial court then ordered a pre-sentence investigation to be conducted. Thereafter, Mendez was sentenced on June 26, 2002, to the maximum sentence for his two offenses, eighteen months each, which the trial court ordered to be served consecutively. This sentence was then filed in written form on June 28, 2002. This appeal followed, and Mendez now asserts two assignments of error.
 First Assignment of Error {¶ 4} "The Trial Court erred to defendant-appellant's prejudice by imposing the maximum sentences for his offenses in violation of the provisions in O.R.C. § 2929.14(C)."
 {¶ 5} Initially, this court notes that in reviewing the sentencing decision of a trial court, an appellate court must "review the factual findings of the trial court under R.C. 2929.19(G)'s `clear and convincing' standard, and that the appellate record is not complete until such findings have been made." State v. Martin (1999), 136 Ohio App.3d 355,361. Thus, a sentence imposed by a trial court will not be disturbed absent a showing by clear and convincing evidence that the trial court committed one of the errors described by R.C. 2953.08(G): the sentence is unsupported by the record; the procedure of the sentencing statutes was not followed or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law.
 {¶ 6} In determining what sentence to impose upon a defendant, a trial court is "granted broad discretion in determining the most effective way to uphold" the two overriding purposes of felony sentencing: "to protect the public from future crime and to punish the offender." State v. Avery (1998), 126 Ohio App.3d 36, 50. However, trial courts are required "to make various findings before properly imposing a felony sentence." State v. Alberty (Mar. 28, 2000), Allen App. No. 1-99-84, 2000 WL 327225. In fact, the trial court's findings under R.C. 2929.03,2929.04, 2929.11, 2929.12, 2929.14, and 2929.19, in effect, determine a particular sentence, and a sentence unsupported by these findings is both incomplete and invalid. See Martin, supra.
 {¶ 7} Pursuant to R.C. 2929.14(A)(4), a felony of the fourth degree, such as this case presents, warrants a definite prison term of six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months. The eighteen-month terms imposed by the trial court clearly fall within this range. However, "R.C. 2929.14(B) mandates that when imposing a prison sentence upon an offender for a felony when the offender has not previously served a prison term, a court must impose the shortest prison term authorized for the offense unless the court finds on the record that the shortest prison term would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime by the offender." Statev. Jones (2001), 93 Ohio St.3d 391, 398. In addition, a trial court is required to determine whether certain factors apply to a defendant when sentencing an offender for a felony of the fourth degree. R.C.2929.13(B)(1). Among these factors is whether the defendant committed the offense "as part of an organized criminal activity." R.C. 2929.13(B)(1)(e).
 {¶ 8} In the case sub judice, Mendez had not previously served a prison term. Therefore, the trial court had to make the requisite findings in order to impose a sentence in excess of six months. Here, the trial court found that the shortest prison term would demean the seriousness of the offense after having determined that Mendez was involved in an on-going and significant drug operation and was a "significant player" in the buying or selling of marijuana in connection with this operation. In making this determination, the trial court noted that the pre-sentence investigation report, which the court found credible, contained statements from Mendez's co-defendants that indicated that Mendez both bought and sold marijuana in amounts that would indicate more than personal consumption and that he owned land and a pole barn that were used to store and process drugs in furtherance of the drug operation. Although Mendez denied these statements, the trial court determined that Mendez was not credible. In addition, the trial court found that Mendez committed these offenses as part of an organized criminal activity. Accordingly, the trial court made the requisite finding for imposing a longer prison term, which was supported by the record.
 {¶ 9} Not only did the court impose a sentence in excess of the shortest period permitted, it imposed the maximum sentence for these offenses, eighteen months. Ohio law provides that "a trial court is obligated to make certain findings prior to sentencing a defendant to a maximum sentence." Martin, 136 Ohio App.3d at 361. R.C. 2929.14(C) states, in relevant part: "Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, [and] upon offenders who pose the greatest likelihood of committing future crimes[.]"
 {¶ 10} In the present case, the trial court determined that Mendez committed the worst form of the offense "in that in this particular case the crime that was originally charged and appears to be substantiated by the pre-sentence report is a crime of complicity, which involves large amounts and which would result in mandatory sentencing of significant number of years." In addition, the court found that Mendez posed the greatest likelihood of committing future crimes because of Mendez's admitted on-going drug use, dating back to the age of twelve, his denial of a substance abuse problem, and the denial of his involvement in the drug operation. Thus, the trial court found not one, but two, reasons for imposing the maximum sentence of eighteen months on each count. The court also adequately stated its reasoning for making this determination, which was supported by the record. Although, Mendez maintains that the court failed to consider other factors that were more favorable to Mendez, such as his gainful employment, marital status, and financial status, Mendez has failed to show by clear and convincing evidence that the trial court committed one of the errors described by R.C. 2953.08(G) in imposing the maximum sentence. Accordingly, the first assignment of error is overruled.
 Second Assignment of Error {¶ 11} "The Trial Court erred to defendant-appellant's prejudice by imposing consecutive sentences for his offenses in violation of the provisions in O.R.C. § 2929.14(E)(4)."
 {¶ 12} When a defendant is convicted of multiple offenses, the sentencing court is to impose concurrent sentences unless it finds that consecutive sentences are warranted pursuant to R.C. 2929.14(E)(4). See R.C. 2929.41(A). In making this determination, the "trial court must strictly comply with the relevant sentencing statutes by making all necessary findings on the record at the sentencing hearing[,]" as well as specify the basis of its findings when necessary. Alberty, supra (citingState v. Bonanno (June 24, 1999), Allen App. Nos. 1-98-59, 1-98-60, 1999 WL 446439). "When consecutive sentences are imposed under R.C. 2929.14, the trial court must also follow the requirements set forth in R.C.2929.19(B)." State v. Rouse (Sept. 23, 1999), Aug. App. No. 2-99-13, 1999 WL 797052, at *3.
 {¶ 13} Ohio Revised Code section 2929.19(B)(2) provides that "a court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances: * * * (c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences." In addition, Revised Code section 2929.14(E)(4) states, in pertinent part: "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following: * * * (b)The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct."
 {¶ 14} In the present case, the trial court determined that consecutive service was necessary to protect the public from future crime and that the harm caused by these offenses was so great that no single prison term would adequately reflect the seriousness of the conduct. However, the court neglected to find that consecutive sentences were not disproportionate to the seriousness of Mendez's conduct and to the danger he posed to the public. Not only does the Revised Code require that the sentencing court make such a finding, this Court has recently reiterated this requirement. See State v. Golden, 2002-Ohio-5050, at ¶ 17. Therefore, the trial court did not make all of the necessary findings to impose consecutive sentences. Accordingly, the second assignment of error is sustained.
 {¶ 15} For these reasons, the judgment of the Common Pleas Court of Putnam County, Ohio, is affirmed as to the first assignment of error and reversed and the cause remanded as to the second assignment of error.
Judgment affirmed in part reversed in part and cause remanded.
 BRYANT, P.J., and WALTERS, J., concur.